IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE MUSHROOM DIRECT | : | Master File NO. 06-0620 |
| PURCHASER ANTITRUST | : | |
| LITIGATION | : | NOS.  06-0638; 06-0657; |
| | : | 06-0677; 06-0861; |
| THIS DOCUMENT RELATES TO: | : | 06-0932; 06-1464; |
| All Actions | : | 06-1854 |

O'NEILL, J.                                                    October 22, 2012

### MEMORANDUM

Now before me are objections of defendant M.D. Basciani & Sons, Inc., Dkt. No. 458,

and objections of non-party Basciani, Foods, Inc., Dkt. No. 459, to the Order of Magistrate Judge

Timothy R. Rice dated August 21, 2012.  Dkt. No. 452.  Upon consideration of the objections,

the response of the Direct Purchaser Plaintiffs in opposition thereto, Dkt. No. 465, and for the

following reasons, I will overrule M.D. Basciani's objections and affirm the Order of August 21,

2012.

Judge Rice's August 21, 2012 Order pertains to non-dispositive motions.  As to

nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that

the order is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C.

§ 636(b)(1)(A); Grider v. Keystone Health Plan Cent., Inc., 580 F.3d 119, 145 n.27 (3d Cir.

2009).  "This standard affords magistrates broad discretion in resolving discovery disputes."

Conway v. State Farm Fire & Cas. Co., No. 98-0832, 1998 WL 961365, at *1 (E.D. Pa. Dec. 11,

1998).  A finding is clearly erroneous when the reviewing court, on the record considered by the

magistrate judge is left with "the definite and firm conviction that a mistake has been

committed."  Haines v. Liggett Grp. Inc., 975 F.2d 81, 92 (3d Cir. 1992).  "Clear error thus

requires something more than simple disagreement."  F.T.C. v. NHS Sys., Inc., No. 08-2215,

2011 WL 5979573, at *3 (E.D. Pa. Nov. 30, 2011).  A finding is "contrary to law if the magistrate judge has misinterpreted or misapplied applicable law."  Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998).  I find that Judge Rice's conclusions were neither clearly erroneous nor contrary to law.

## I.    Sanctions for Spoliation

Sanctions for spoliation are warranted when "evidence was in [a] party's control; the evidence is relevant to the claims or defenses in the case; there has been factual suppression or withholding of evidence; and the duty to preserve the evidence was reasonably foreseeable to [a] party."  Bull v. United Parcel Serv., Inc., 665 F.3d 68, 73 (3d Cir. 2012).  In the August 20, 2012 Order, Judge Rice granted plaintiffs' motion for sanctions for spoliation.  He found that "M.D. Basciani suppressed relevant documents within its control at BFI after it was reasonably foreseeable Plaintiffs would seek the documents."  Dkt. No. 452 at 3.  As a result, Judge Rice ordered that a sufficient sanction would be an adverse inference instruction that "will allow the jury to find the destroyed evidence would have been unfavorable to M.D. Basciani."  Id. at 7.

Judge Rice had the authority to decide whether the evidence before him showed that M.D. Basciani exercised sufficient control over BFI so as to make M.D. Basciani liable for BFI's destruction of the relevant documents.  M.D. Basciani and BFI contend that Judge Rice incorrectly concluded that M.D. Basciani controlled BFI and that therefore he erred in awarding sanctions for spoliation.  In their objections, M.D. Basciani and BFI raise the same arguments against a finding of control that Judge Rice considered in resolving the spoliation motion:  they reassert their contention that, because they are separate corporations, M.D. Basciani did not have control over BFI's documents.

Courts within the Third Circuit have broadly interpreted "control" in the context of document production.  See, e.g., Camden Iron & Metal, Inc. v. Marubeni Am. Corp., 138 F.R.D. 438, 441 (D.N.J. 1991) ("Control is defined as the legal right, authority or ability to obtain documents upon demand.") (citations omitted).  "The determination of whether an entity has 'control' over documents under Fed. R. Civ. P. 34(a), is a 'very fact specific'" inquiry.  Davis v. Gamesa Tech. Corp., No. 08-4536, 2009 WL 3473391, at *2 (E.D. Pa. Oct. 20, 2009), quoting Pitney Bowes, Inc. v. Kern Int'l, Inc., 239 F.R.D. 62, 66 (D. Conn. 2006).  Having reviewed Judge Rice's determination that such control existed and his decision to impose an adverse inference instruction as a sanction for the destruction of the documents in question, I find that his Order was neither clearly erroneous, nor contrary to law.  See, e.g., Davis, 2009 WL 3473391, at *5-6 (finding the defendant had control over documents sought by the plaintiff from a non-party where the evidence showed that there was a free flow of information between the defendant and the non-party and where the defendant had access to documents from the non-party "when the need arises in the ordinary course of business"); Steele Software Sys., Corp. v. Dataquick Info. Sys., Inc., 237 F.R.D. 561, 564-65 (D. Md. 2006) (considering factors including shared office location and overlap of directors, officers and employees between related entities in finding that the plaintiff had control over documents held by a non-party sister entity); In re Uranium Antitrust Litig., 480 F. Supp. 1138, 1153 (N.D. Ill. 1979) (holding that formalities separating two corporations could not be used as a screen to disguise the coordinated nature of their enterprise).

## II.  M.D. Basciani and BFI's Motion for Sanctions for the Failure of Native Maine and Katsiroubas to Appear for Deposition

In the August 20, 2012 Order, Judge Rice denied M.D. Basciani and BFI's motions

seeking sanctions for the failure of putative class representatives Native Maine Produce and Specialty Foods, LLC and Theodore J. Katsiroubas and Sons, Inc. d/b/a/ Katsiroubas Brothers Wholesale Fruit and Produce to appear for their scheduled Rule 30(b)(6) depositions. M.D. Basciani objects that Judge Rice improperly denied its request for attorneys' fees and other sanctions for Native Maine and Katsiroubas's failure to appear.

Rule 37(d)(1)(A)(i) of the Federal Rules of Civil Procedure provides that the Court "<u>may</u>, on motion, order sanctions" if a party fails to appear for its deposition after receiving proper notice. Fed. R. Civ. P. 37(d)(1)(A)(I) (emphasis added). The Court has broad discretion to decide whether to award sanctions under Rule 37(d). <u>See</u> <u>Kibble v. Experian</u>, No. 08-1804, 2010 WL 4643875, at *1 (M.D. Pa. Nov. 9, 2010).

Counsel for M.D. Basciani was to participate by telephone in the depositions. Also, Native Maine and Katsiroubas withdrew as class representatives after their failure to appear. Upon review of the record considered by Judge Rice, I find that it was within his discretion to deny the requested sanctions.

### III.   M.D. Basciani's Motion for Sanctions against Certain Plaintiffs' Counsel.

In the August 20, 2012 Order, Judge Rice denied M.D. Basciani's motion for sanctions against certain plaintiffs' counsel. In the motion, M.D. Basciani sought sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, asserting that the motion for spoliation sanctions filed by certain plaintiffs' counsel and its corresponding memorandum of law included false statements. Judge Rice found that "M.D. Basciani selectively edited quotes from Plaintiffs' briefs to suggest Plaintiffs had falsely stated M.D. Basciani was the subject of a motion to compel, and to misconstrue Plaintiffs' assertions about M.D. Basciani's role in the destruction of

documents." Dkt. No. 452 at 9.

M.D. Basciani's objection demonstrates its disagreement with Judge Rice's conclusion but not any error of fact or law. Accordingly, I will overrule its objection.

**IV.     Plaintiffs' Motion for a Protective Order**

M.D. Basciani also objects to Judge Rice's decision to grant plaintiffs' motion for a protective order forbidding the depositions of plaintiff's counsel. Dkt. No. 420. M.D. Basciani contends that "[a]t a minimum, [it] should have been allowed to depose counsel for plaintiffs to determine the 'who, what, where and when' of their allegations of spoliation. Dkt. No. 458 at 35. On the record before me, I find that Judge Rice's Order granting plaintiff's motion for a protective order was not clearly erroneous or contrary to law.

**V.     Cross-Motion for Contempt**

BFI objects to Judge Rice's Order because it did not dispose of BFI's cross-motion to hold plaintiffs in contempt of the Court's January 31, 2012 Order. In the cross-motion, BFI claimed that plaintiffs had refused to pay for the costs of copying documents subject to the Court's order compelling their production. Dkt. No. 400. In its objections, BFI also contends that Judge Rice's Order improperly sanctioned BFI by requiring BFI to make its documents available to plaintiffs' counsel for inspection before copying. Dkt. No. 459 at 3.

I find that Judge Rice effectively ruled on BFI's cross motion when he required BFI to make its documents available to plaintiffs' counsel for inspection prior to copying. Contrary to BFI's representation that this Court ordered that it "simply produc[e] documents to Plaintiffs' selected copying service," Dkt. No. 459 at 4, my Order of January 31, 2012 included no such instruction. Instead, my Order directed BFI to "produce all responsive documents to plaintiffs

and [to] confer with plaintiffs and agree to a date for the production of responsive documents."
Dkt. No. 400 at 1.  My Order of January 31, 2012 did not bar plaintiffs from asking BFI to
provide them with an opportunity to inspect the subject documents prior to copying.  Indeed, I
also instructed Plaintiffs and BFI to "cooperate to minimize the costs of retrieval and duplication,
while providing documents with reasonable dispatch."[1]  Dkt. No. 399 at 14.  Notwithstanding
that directive, counsel for BFI informed liaison counsel for the Direct Purchaser Plaintiffs' that
BFI would not produce documents for inspection prior to copying absent an Order from the
Court.  Dkt. No. 447 at 4.  Accordingly, I find that it was within Judge Rice's discretion to order
BFI to make the 2003 to 2008 documents available for plaintiffs' review prior to copying at
BFI's place of business or at BFI's counsel's office.

An appropriate Order follows.

---

[1]     BFI complains that "pre-copying inspection has forced BFI to incur additional
fees, costs and expenses to produce documents to Plaintiffs which exceed those associated with
simply producing documents to Plaintiffs' selected copying service . . . ."  Dkt. No. 459 at 4.  I
previously held that I would "require that Plaintiffs compensate BFI for the costs of copying the
subpoenaed documents" and deferred ruling on the question of whether to award "any costs that
may be incurred in the gathering and assembly of the documents, including attorney's fees."  Dkt.
No. 399 at 12-13.  I cautioned, however, that a "non-party can be required to bear some or all of
its expense where the equities of a particular case demand it."  Id. at 13 (citations omitted).